# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MCCALEB, | )  Case No. EDCV 12-01428-JEM |
| Plaintiff, | )  |
| | )  MEMORANDUM OPINION AND ORDER |
| v. | )  AFFIRMING DECISION OF THE |
| | )  COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, | )  |
| Acting Commissioner of Social Security, | )  |
| | )  |
| Defendant. | )  |
| | )  |

## PROCEEDINGS

On August 29, 2012, David E. McCaleb ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on December 26, 2012.  On March 6, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 46 year old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 29, 2006, alleging disability beginning July 12, 1984.  (AR 113.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December, 2005.  (AR 26.)

Plaintiff's claims were denied initially on October 17, 2006, and on reconsideration on January 22, 2007.  (AR 113.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. on February 12, 2007, in San Bernardino, California.  (AR 113.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 113.)  Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 113.)

The ALJ issued an unfavorable decision on May 29, 2008.  (AR 113-119.)  The Appeals Council vacated the May 29, 2008, decision and remanded the matter for further proceedings on May 4, 2010.  (AR 167-172.)

The ALJ conducted a supplemental hearing on February 7, 2011, in San Bernardino, California.  (AR 39-69.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 23.)  VE Corinne J. Porter also appeared and testified at the hearing.  (AR 23.)

The ALJ issued an unfavorable decision on March 11, 2011.  (AR 23-33.)  The Appeals Council denied review on May 30, 2012.  (AR 5-10.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.     Whether the weight of the evidence as a whole supports the findings of the ability to engage in other work?

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

1    (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

2    based on the proper legal standards).

3            Substantial evidence means "'more than a mere scintilla,' but less than a

4    preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

5    Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

6    reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

7    401 (internal quotation marks and citation omitted).

8            This Court must review the record as a whole and consider adverse as well as

9    supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where

10   evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

11   upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12   "However, a reviewing court must consider the entire record as a whole and may not affirm

13   simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

14   (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

15   F.3d 625, 630 (9th Cir. 2007).

16                              **THE SEQUENTIAL EVALUATION**

17           The Social Security Act defines disability as the "inability to engage in any substantial

18   gainful activity by reason of any medically determinable physical or mental impairment which

19   can be expected to result in death or . . . can be expected to last for a continuous period of not

20   less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has

21   established a five-step sequential process to determine whether a claimant is disabled.  20

22   C.F.R. §§ 404.1520, 416.920.

23           The first step is to determine whether the claimant is presently engaging in substantial

24   gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging

25   in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

26   140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

27   combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

28   significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2008.  (AR 26.)  The ALJ determined at step one of the sequential process that Plaintiff engaged in substantial gainful activity in 1998 and 1999 and from 2002 through November 2005, but he has not engaged in substantial gainful activity since then.  (AR 26.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: residuals of old gunshot wounds to the right /knee, right lower femur and lumbar spine with right peroneal nerve injury, early degenerative changes in the left knee, diabetes mellitus, gout, and moderate (level II) obesity.  (AR 26.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 28.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), with the following limitations:

> . . . except reading, writing and math skills at a third to fourth grade level despite having a ninth grade education, stand or walk only one hour in an eight hour workday in twenty minute increments, use a cane when walking, no movement of the right foot, sitting unrestricted except sit a maximum of sixty minutes at a time and then have to stand and stretch for a couple of minutes, lift ten pounds occasionally, occasionally bend, squat, kneel, crawl or crouch, no climbing, no hypervigilance, simple repetitive tasks, no computer skills, and miss work one to two times a month.

(AR 28-31.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 30.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a warehouse worker.  (AR 31.)  At step five, however, the ALJ found that there are also jobs that exist in significant numbers in the national economy that Claimant can perform, including small

1  items assembly worker, such as hospital product assembler, and production inspector checker,

2  such as eyeglass inspector.  (AR 32.)

3       Consequently, the ALJ found Claimant not disabled within the meaning of the Social

4  Security Act at any time from the alleged onset date through the date of the ALJ's decision.

5  (AR 33.)

6                                    **DISCUSSION**

7       The ALJ decision must be affirmed.  Plaintiff seeks remand of the ALJ's step five finding

8  that there are jobs that exist in significant numbers in the national economy that Claimant can

9  perform.  The Court, however, will not remand this case on the basis of new evidence first

10 presented here that the ALJ and Appeals Council never saw or considered.  Plaintiff is not

11 entitled to remand because he failed to demonstrate good cause for failing to incorporate the

12 "new" evidence into the record before the ALJ and Appeals Council, as required by 42 U.S.C.

13 § 405(g).

14      **A.    Relevant Federal Law**

15      The Commissioner bears the burden at step five of the sequential process to prove that

16 Plaintiff can perform other work in the national economy, given his RFC, age, education, and

17 work experience.  20 C.F.R. § 416.912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir.

18 2000); 20 C.F.R. § 416.912(g).  There are two ways to meet this burden: (1) the testimony of a

19 VE, or (2) reference to the Medical-Vocational Guidelines ("Grids").  Lounsbury, 468 F.3d at

20 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).  When a claimant suffers only

21 exertional limitations, the ALJ must consult the Grids.  Lounsbury, 468 F.3d at 1115.  A

22 nonexertional impairment, however, may limit the claimant's functional capacity in ways not

23 contemplated by the Grids.  Tackett v. Apfel, 180 F.3d 1094, 1002 (9th Cir. 1999).  Thus, when

24 a claimant suffers from both exertional and nonexertional limitations, the ALJ must first

25 determine whether the Grids mandate a finding of "disabled."  Id. at 1116; Cooper v. Sullivan,

26 880 F.2d 1152, 1155 (9th Cir. 1989).  If so, the claimant will be awarded benefits.  Cooper, 880

27 F.2d at 1155.  If not, the ALJ must use the Grids as a framework for decision-making in

28 determining how much the nonexertional limitations limit the range of work permitted by the

1   exertional limitations.  Tackett, 180 F.3d at 1102.  In such instances, the ALJ must obtain the

2   testimony of a vocational expert to determine if there are jobs in the national economy that the

3   claimant can perform.  Tackett, 180 F.3d at 1102; Osenbrock, 240 F.3d at 1162.

4         Typically, the best source of how a job is generally performed in the national economy is

5   the Dictionary of Occupational Titles or "DOT."  Pinto, 249 F.3d at 845.  DOT raises a

6   presumption as to job classification requirements.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th

7   Cir. 1995).  An ALJ may accept vocational expert testimony that varies from DOT, but the

8   record must contain "persuasive evidence to support the deviation."  Id.  The ALJ has an

9   affirmative responsibility to ask whether a conflict exists between a VE's testimony and DOT.

10  SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149,

11  1153 (9th Cir. 2007).  If there is a conflict, the ALJ must obtain a reasonable explanation for the

12  conflict and then must decide whether to rely on the VE or DOT  Id.

13        An ALJ may rely on a VE's response to a hypothetical question containing all of a

14  claimant's limitations found credible by the ALJ and supported by substantial evidence.  Bayliss

15  v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005.)  The VE's testimony is substantial

16  evidence.  A VE's recognized expertise provides the necessary foundation for his or her

17  testimony.  Bayliss, 427 F.3d at 1218.  No additional foundation is required.  Id.

18        **B.    Analysis**

19        In this case, the ALJ could not rely on the Grids in making his step five determination

20  because Claimant's non-exertional limitations eroded the sedentary occupational base.  (AR

21  32.)  Thus, the ALJ was required to take the testimony of a VE and did.  Corinne Porter was the

22  VE who appeared and testified at the February 7, 2011, hearing.  (AR 23, 62-67.)

23        The ALJ posed a hypothetical question to the VE containing all of the limitations in the

24  assessed RFC.  The VE testified that there were jobs available in the national economy at the

25  sedentary level Plaintiff could perform, including hospital product assembler (DOT 739.687-086)

26  and eyeglass inspector (DOT 716.687-030).  (AR 32, 64.)  The VE testified that there were

27  2,000 sedentary, unskilled assembly positions in the region and more than 50,000 nationally,

28  and 800 eyeglass inspector jobs regionally and 10,000 nationally.  (AR 64.)  The ALJ inquired

1  of the VE whether her testimony was consistent with DOT and the VE answered affirmatively.

2  Plaintiff's attorney had the opportunity to cross-examine Ms. Porter and did, but never

3  challenged the job numbers she presented and never inquired about the sources of

4  Ms. Porter's job numbers or made any argument to the ALJ about the reliability of those

5  numbers.  Plaintiff presented no jobs data or VE testimony of his own.  (AR 65-67.)  The ALJ

6  properly relied on the VE's testimony (AR 32-33) in a manner consistent with Ninth Circuit

7  precedent.  Bayliss, 427 F.3d at 1217-18.  The ALJ decision was based on substantial evidence

8  and free of legal error.

9        Plaintiff requested a review of the ALJ's March 11, 2011, decision by the Appeals

10  Council.  (AR 19.)  Plaintiff presented new medical records, which the Appeals Council received

11  and made part of the record.  (AR 9.)  Plaintiff did not present any jobs data or articulate any

12  challenge to Ms. Porter's testimony or the accuracy of the jobs data she presented.  The

13  Appeals Council's denial of review was free of legal error.

14        Plaintiff now presents to this Court new jobs data from Job Browser Pro purportedly

15  indicating that there are zero hospital product assembler jobs in the Riverside SMSA area and

16  but 4 jobs in the State and 46 in the nation.  For the eyeglass inspector, Job Browser Pro

17  indicates there are 5 jobs in the Riverside SMSA, 61 jobs in the State and 557 nationally.  A

18  failure to identify a significant number of jobs is legal error warranting remand.  Beltran v.

19  Astrue, 676 F.3d 1203, 1206-07 (9th Cir. 2012), amended and superseded on denial of

20  rehearing, 700 F.3d 386 (9th Cir. 2012).  Because the VE did not identify the source of her jobs

21  data or describe her methodology, and her job numbers vary significantly from the Job Browser

22  Pro data, Plaintiff seeks remand.

23        Despite the fact that the ALJ's unfavorable decision and Appeals Council's denial of

24  review both were free of legal error, Plaintiff now seeks remand based on new evidence first

25  presented here that the ALJ and Appeals Council never saw or considered.  Plaintiff asserts

26  that the VE did not describe the methodology for how she calculated her job numbers and "the

27  ALJ did not ask," but neither did Plaintiff at the February 7, 2011, hearing.  Plaintiff does not

28  contend that the Job Browser Pro jobs data is new evidence that could not have been

1   presented to the ALJ before or after the hearing or to the Appeals Council.  Indeed, Plaintiff

2   offers no explanation, excuse or good cause for his belated presentation of the Job Browser

3   Pro data, as required by 42 U.S.C. § 405(g).

4        The primary argument advanced by Plaintiff is that the VE did not provide any

5   explanation for her job estimates.  In other words, Plaintiff is arguing the ALJ erred because

6   there was a lack of foundation for Ms. Porter's job estimates.  Yet Plaintiff cites to no case in

7   the Ninth Circuit requiring foundation testimony for a VE's job estimates.  Bayliss is directly to

8   the contrary and controlling here.  Bayliss expressly says the VE's expertise is sufficient

9   foundation and no further foundation is necessary.  427 F.3d at 1218.  Bayliss, moreover, cited

10  approvingly Johnson v. Shalala, 60 F.3d at 1435, which stated, "The Secretary may take

11  administrative notice of any reliable job information, including . . . the services of a vocational

12  expert."  That quote comes from Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991),

13  city by Johnson, which held the Secretary may take administrative notice of any reliable job

14  information and may use the services of a VE.  See also 20 C.F.R. § 404.1566(d)-(e).

15  Whitehouse goes on to say, "The expert is only required to state his opinion as to the number of

16  jobs available in the national economy to a person with the applicant's residual functional

17  capacity, age, work experience, and education."  Id.  The ALJ decision, then, was consistent

18  with Ninth Circuit authority and free of legal error.[1]

19       There are other reasons that compel affirmance of the ALJ's step five finding.  Plaintiff

20  cannot complain that the VE did not explain her methodology when his counsel had the

21  opportunity to cross-examine Ms. Porter on that issue but failed to do so.  Also, Plaintiff is not a

22  VE and his data and interpretation of the data are unaccompanied by any analysis or

23  explanation from a VE.  Further, there is no reason to believe that the Job Browser Pro Data is

24  the only source of job data or superior to others, and thus not conclusive in any event.

25

26  _____

27       [1]  The Court acknowledges a split in authority among the Circuits on whether a VE's testimony
    as to the number of jobs that exist can be taken on the opinion of the expert due to his or her

28  recognized expertise.  Ali v. Astrue, 2010 WL 502779, at *5 (W.D.N.Y. Feb. 9, 2010).

9

1    Plaintiff, not the ALJ, bears the responsibility for the record he challenges.  He failed to

2  question Ms. Porter about her job estimates or to present the Job Browser Pro jobs data to the

3  ALJ or to the Appeals Council and does not offer a good reason for failing to do so.  Plaintiff is

4  not entitled to remand because he has not demonstrated good cause for failing to incorporate

5  the Job Browser Pro jobs data into the record below, as required by 42 U.S.C. § 405(g).  Were

6  the Court to remand on these facts, every claimant would be encouraged to withhold evidence

7  until after the ALJ decision and Appeals Council review to evade their consideration of it.

8    Thus, the Court will not remand the ALJ decision based on Plaintiff's belated new

9  evidence.  The ALJ decision is based on substantial evidence and free of legal error.

10                                              **ORDER**

11    IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

12  Commissioner of Social Security and dismissing this case with prejudice.

13

14  DATED: April 12, 2013                              */s/ John E. McDermott*
                                                       JOHN E. MCDERMOTT
15                                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28